IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jonathon W. Trowbridge,

                    Plaintiff,

        v.

Commissioner of Social Security,

                    Defendant.

Case No. 23-cv-01042

Judge James G. Carr

**ORDER**

This is an appeal from the denial of Social Security benefits. On May 23, 2023, Plaintiff Jonathon W. Trowbridge, filed a Complaint seeking review of Defendant's denial of his application for Supplemental Security Income Benefits (SSI) beginning on October 1, 2014. (Doc. 1; Doc. 8, PageID. 1674).

On June 25, 2021, an Administrative Law Judge (ALJ) issued a written decision finding that the Plaintiff was not disabled. (Doc. 7, PageID. 975–994). The decision became final on March 23, 2023 when Defendant's Appeals Council declined further review. (Doc. 7, PageID. 968).

Pursuant to Northern District of Ohio Local Rule 72(b) (Automatic Reference) I referred the Complaint to Magistrate Judge James E. Grimes, Jr. for issuance of a Report & Recommendation (R&R). (*See* Docket Entries, May 23, 2023). Judge Grimes filed an R&R on December 8, 2023. (Doc. 12).

In the R&R, Judge Grimes recommends that I affirm Defendant's decision. The Magistrate Judge duly notified the parties of the deadline for filing objections. On December 22, 2023, Plaintiff filed Objections to the R&R. (Doc. 13). On January 5, 2024, Defendant responded. (Doc. 14).

On *de novo* review, *see* 28 U.S.C. § 636(b)(1), I find the R&R well-taken in all respects. I overrule Plaintiff's objections, adopt the R&R as the Order of the Court, and affirm the Commissioner's decision.

## Discussion

Northern District of Ohio Local Rule 72.3(b) states, regarding objections to an R&R: "Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b)… Such party … shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."

Plaintiff makes four objections to the R&R.

First, he argues that that the Magistrate Judge erred when he, like the ALJ, relied "solely on Plaintiff's objective medical evidence of normal and unremarkable physical exams in determining that Plaintiff is not disabled." (Doc. 13, PageID. 1746).

Plaintiff explains that the symptoms of his condition, Mitochondrial Myopathy, are more subjective than objective:

> Mr. Trowbridge suffers from a condition that does not manifest itself in a manner that is meaningfully measured by ordinary physical exams gauging reflexes, range of motion, coordination, or flexibility. On the contrary, the three major symptoms (i.e. muscle fatigue, weakness, and exercise intolerance) are symptoms which are primarily measured by subjective complaints of the patient. As his medical history shows, Mr. Trowbridge has complained of the same symptoms for over ten years.

(Doc. 13, PageID. 1747).

Plaintiff's second objection is slight variation on his first. He argues that his subjective testimony of his symptoms and his medical records evidencing a diagnosis of Mitochondrial Myopathy were improperly discredited. (*Id*. at PageID. 1748–1750). He argues that the cause of his disability is not necessarily the condition itself, but instead, its symptoms, which can be unique

2

to each person. (*Id*.) Similar to his first objection, he argues that the ALJ, and the Magistrate Judge, erred by emphasizing objective physical exams that were unremarkable. (*Id*. at PageID. 1749).

Plaintiff's third and fourth objections are also similar. In his third objection, Plaintiff objects to the R&R's finding that Plaintiff failed to identify legal authority that would have required the ALJ to "adopt a special approach when evaluating mitochondrial disorders." (*Id*. at PageID. 1750). Plaintiff disagrees with the "special approach" characterization. (*Id*.) He argues that the Court should rely on the analytical framework that the Sixth Circuit has applied to fibromyalgia when analyzing Mitochondrial Myopathy. (*Id*. at PageID. 1751–1753).

Lastly, Plaintiff states that the Magistrate Judge erred when he found that the ALJ's decision was based on substantial evidence. (*Id*. at PageID. 1753). Again, Plaintiff emphasizes the impropriety of the weight that the ALJ (and the Magistrate Judge) gave to unremarkable objective examinations. Plaintiff instead seeks to have the ALJ apply an analytical framework more suited to conditions that do not manifest with objective physical symptoms, such as the framework used for fibromyalga analysis. (*Id*., at PageID. 1753–1754).

These four objections boil down to one argument: that Mitochondrial Myopathy presents a unique set of symptoms that cannot be evaluated using objective physical tests. Therefore, the ALJ, and the Magistrate Judge, should have given less weight to objective physical examination results, which were unremarkable, and more weight to subjective complaints and the probable diagnosis.

This argument is identical to the arguments Plaintiff raised before the Magistrate Judge. (*See* Doc. 8, PageID.1691–1697). A "bare repetition of the very same argument[ ] raised in his underlying summary judgment motion and addressed in the R&R provides no basis for the Court to reject the Magistrate Judge's analysis and recommended disposition." *Turnboe v. Comm'r of*

*Soc. Sec.*, No. 14-12941, 2015 WL 5719668, at *1 (E.D. Mich. Sept. 30, 2015); *see also Pearson v. Comm'r of Soc. Sec.*, No. 15-14031, 2017 WL 1190947, at *3 (E.D. Mich. March 31, 2017) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.").

Plaintiff fails to set forth any arguments regarding the Magistrate Judge's analysis in the R&R. In sum, Plaintiff asks that I re-weigh the evidence that he presented to the ALJ, which is not appropriate for me (or the Magistrate Judge) to do. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

I must affirm the decision of the ALJ so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241 (internal quotation marks and citation omitted).

I have reviewed *de novo* the entire record and the pleadings and I gave particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). I find that the Magistrate Judge thoroughly and directly addressed all of Plaintiff's arguments. Substantial evidence supports the ALJ's conclusions.

Accordingly, I entirely agree with the Magistrate Judge's determination that the Commissioner's decision should be upheld. Accordingly, I overrule Plaintiff's objections, adopt the R&R in full, and affirm the Commissioner's decision.

4

### **Conclusion**

It is, therefore,

ORDERED THAT:

1.  Plaintiff's Objections to the Magistrate Judge's R&R (Doc. 13) be, and the same hereby is, overruled;

2.  The Magistrate Judge's R&R (Doc. 12) be, and the same hereby is, adopted as an Order of this Court in a manner consistent with this Opinion; and

3.  The Commissioner's final decision denying Plaintiff's SSI be, and the same hereby is, affirmed.

SO ORDERED.

*/s/ James G. Carr*
Sr. U.S. District Judge

5